### CLARK et al. v. SALINGER.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

PRINCIPAL AND AGENT ⬳22—EVIDENCE OF AGENCY—DECLARATIONS.

　　Declarations of an agent as to his agency, in the absence of the principal, are inadmissible against the principal.

　　[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. ⬳22.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Theodore S. Clark and another against Hannah Salinger. From a judgment for plaintiffs, rendered after a trial without a jury, defendant appeals. Reversed, and new trial ordered.

---

Argued April term, 1915, before GUY, BIJUR, and PENDLE-TON, JJ.

Kremer & Strasser, of New York City (Walter J. Rose, of New York City, of counsel), for appellant.

Robinson & Lauber, of New York City (Joseph E. Lauber, of New York City, of counsel), for respondents.

GUY, J. This action is brought to recover the purchase price of a set of furs alleged to have been purchased by the defendant from the plaintiffs during the month of December, 1912.

The evidence shows that, during a period of two years previous to the alleged transaction, the defendant had an account with plaintiffs; that on or about December 6, 1912, the defendant called at plaintiffs' place of business to have some furs repaired, and, while there, stated that she might shortly be considering getting a new set of furs, and would come in again; that thereafter her son George Salinger called at plaintiffs' place of business and ordered the set of furs in question, stating that the reason his mother did not come down was that she was ill; that the furs were delivered at defendant's residence on December 12, 1912.

Defendant testified that she had no knowledge that the furs had been bought in her name or had been charged to her, but was informed by her two sons that they were a Christmas gift from her sons; that she had the furs for about ten days when her son George took them away from her.

One of the plaintiffs' witnesses testified that, about ten days after the delivery of the furs, defendant called at plaintiffs' place of business, and when asked, "How do you like your furs?" replied, "They are beautiful."

Defendant testified positively that she never authorized her sons to make any purchase of furs on her account, and had never ratified or approved of the purchase. Plaintiffs introduced evidence, however, that, about seven months after the purchase of the furs, defendant made a payment to plaintiff. This payment defendant claims was on account of a bill for repairs to other furs. Plaintiffs claim it was on account of the bill in question.

The evidence shows that bills for the furs in question were sent to each of the sons as well as to the defendant. Defendant testified that she never received any bill for the furs, and was never informed that they had been charged to her account, until six months after the furs had been taken away from her by her son George. There is no convincing evidence of ratification by defendant with knowledge of the facts.

Under objection and exception of defendant's counsel, the court permitted plaintiffs' witness to give evidence of declarations made by defendant's son George, in the absence of defendant, as to his agency and his authority to purchase furs for defendant's account. The admission of this evidence was reversible error; it being established by all the authorities that declarations of an agent as to his agency, in the absence of the principal, are not binding upon the principal. The

court also erred in excluding the deposition of the defendant's son Herbert Salinger as to the circumstances attending the receipt of the furs as evidence tending to negative the claim that defendant, with knowledge of the facts, had ratified the act of her son George in purchasing the furs.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. · All concur.